IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TROY SMITH, #K88159 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−170−JPG |
| | ) | |
| HARGURMUKH SINGH, | ) | |
| J. J. RODOS, | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| LISA KREBS, | ) | |
| JESSICA KNEBEL, | ) | |
| VENERIO SANTOS, and | ) | |
| JOHN/JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Troy Smith, an inmate in Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 relating to Plaintiff's alleged overdose on prescribed Lithium. (Doc. 1). This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which
> relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune
> from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After careful review of the First Amended Complaint and any supporting exhibits, the Court will allow this case to proceed past the threshold stage.

## **The First Amended Complaint**

In his First Amended Complaint (Doc. 15), Plaintiff makes the following allegations: Plaintiff has been diagnosed with Schizophrenia. He met with Defendant Singh for psychotherapy related to his mental health, during which time Singh prescribed him with "high critical levels of Lithium valued at 2.4 (HH), when the average range is 0.6-1.2 mmol/L." (Doc. 15, p. 3). As he continued to be given toxic levels of Lithium, "his health began to deteriorate and he eventually overdosed, leading him to be transported to an outside hospital." *Id.* The medical staff at SSM St. Mary's Hospital "concluded that Plaintiff was being administered high critical levels of Lithium." *Id.* Plaintiff's medical condition was exasperated by Singh's negligence, which unnecessarily prolonged his deterioration, "as he suffered memory loss, walked hunched over, lost cognitive skills, constant hand shivering, pain, and an inability to feed himself and read and write." (Doc. 15, p. 4). Plaintiff still suffers from these symptoms. *Id.*

At some point, Plaintiff was assigned to a new psychiatrist, Defendant Rodos. *Id.* Rodos did not notify the medical staff at Centralia that Plaintiff was being administered high levels of Lithium. *Id.* Instead, he continued to allow the medical staff to administer Plaintiff critical levels of Lithium as his health deteriorated. *Id.* Like Singh, Rodos' negligence exasperated Plaintiff's medical condition. *Id.*

Defendant Santos was the Medical Director at Centralia during the relevant time. (Doc. 15, p. 5). Plaintiff frequently met with Santos while he was being administered Lithium. *Id.* "Outside of the obvious side effects of the Lithium, i.e., constant shivering, walking with a lean, loss of cognitive skills, the Plaintiff informed Defendant Santos he was losing his memory and was unable to feed himself." *Id.* Despite being notified of these issues, Santos never ordered a blood test, nor did he stop Plaintiff from being administered the Lithium, which could have prevented the overdose. *Id.* Similar to Singh and Rodos, Stantos' negligence exasperated Plaintiff's medical condition. *Id.*

Wexford Medical Sources, Inc. ("Wexford") is contracted by the Illinois Department of Corrections ("IDOC") to provide health services to its prisoners. (Doc. 15, p. 6). Defendants Krebs and Knebel are "responsible for discharging its duties." *Id.* Krebs is the Health Care Administrator at Centralia and Knebel is the director of nurses. (Doc. 15, p. 2). "Defendants Wexford, Krebs, and Knebel are responsible for the lack of medical/mental health staffing and resources at Centralia C.C., which threatened serious harm to Plaintiff and invited medical error." (Doc. 15, p. 6). Prior to his overdose, Plaintiff spoke with Krebs and Knebel about his condition and was told to "'put in for sick call' and see the doctor." *Id.* "Krebs and Knebel failed to act in response to Plaintiff's obvious identified deterioration of health, which later led to his overdose." *Id.* Though Plaintiff alleges that Wexford, Krebs, and Knebel "maintained an

3

unconstitutional policy or custom that prevented Plaintiff from avoidable harm," given the allegations in the First Amended Complaint, it is evident that Plaintiff intended to allege that these defendants maintained a policy that failed to protect Plaintiff from avoidable harm. (Doc. 15, p. 10). Like the other defendants, Wexford, Krebs, and Knebel's negligence exasperated Plaintiff's medical condition. (Doc. 15, p. 7).

Defendants John/Jane Doe were responsible for administering the high critical levels of Lithium to Plaintiff. *Id.* "Despite disturbing changes to the Plaintiff's health these defendants continued to administer the medication to him every day, often laughing and mocking the changes in his condition." *Id.* None of these defendants expressed concern to their supervisors about Plaintiff's changing condition. *Id.* These defendants' negligence exasperated Plaintiff's medical condition. *Id.*

Plaintiff seeks monetary and permanent injunctive relief in the form of adequate treatment of his condition. (Doc. 15, p. 11).

## Discussion

Based on the allegations of the Complaint (Doc. 1), the Court designated a single count in this *pro se* action. Because Plaintiff has added to his original claims in his First Amended Complaint (Doc. 15), the Court will designate new counts in this action. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 –** Singh exhibited deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment by prescribing him high levels of Lithium which led to his overdose and the deterioration of his health.

**Count 2 –** Rodos exhibited deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment by allowing his prescription of high levels of Lithium to continue despite its causing his health to deteriorate.

**Count 3 –** Santos exhibited deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment by allowing his prescription of high levels of Lithium to continue despite being notified that it was causing his health to deteriorate.

**Count 4 –** Wexford exhibited deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment by maintaining a policy at Centralia of providing deficient medical and mental health staffing and resources.

**Count 5 –** Krebs and Knebel exhibited deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment by carrying out Wexford's policy of providing deficient medical and mental health staffing and resources and redirecting Plaintiff when he spoke to them about his condition instead of addressing his condition themselves.

**Count 6 –** John/Jane Doe exhibited deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment by continuing to administer his prescription of high levels of Lithium despite recognizing that it was causing his health to deteriorate.

The relevant legal standards for deliberate indifference to medical needs claims are articulated in this Court's Order dated March 29, 2017 (Doc. 10, pp. 3-6) and shall be considered fully incorporated herein. Plaintiff has stated a claim upon which relief may be granted under these standards with respect to each of the Counts and all of the defendants. Thus, Count 1 against Singh, Count 2 against Rodos, Count 3 against Santos, Count 4 against Wexford, Count 5 against Krebs and Knebel, and Count 6 against John/Jane Doe will proceed past the threshold stage.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Count 6 against John/Jane Doe. However, these defendants must be identified with particularity before service of the First Amended Complaint can be made on them. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim,

but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, the Warden of Centralia will be added as a defendant, in his or her official capacity only, and shall be responsible for responding to discovery (formal or otherwise) aimed at identifying these unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of John/Jane Doe are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the First Amended Complaint.

## Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3) which is hereby **REFERRED** to a United States Magistrate Judge for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot. Waivers of service of summons will be issued and served on the defendants as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** will **PROCEED** against **SINGH**.

**IT IS FURTHER ORDERED** that **COUNT 2** will **PROCEED** against **RODOS**.

**IT IS FURTHER ORDERED** that **COUNT 3** will **PROCEED** against **SANTOS**.

**IT IS FURTHER ORDERED** that **COUNT 4** will **PROCEED** against **WEXFORD**.

**IT IS FURTHER ORDERED** that **COUNT 5** will **PROCEED** against **KREBS** and **KNEBEL**.

**IT IS FURTHER ORDERED** that **COUNT 6** will **PROCEED** against **JOHN/JANE DOE**.

The **CLERK** is **DIRECTED** to **ADD** the **WARDEN OF CENTRALIA** (official capacity only) as a defendant to this lawsuit, for the sole purpose of responding to discovery requests aimed at identifying John/Jane Doe.

**IT IS FURTHER ORDERED** that as to **COUNTS 1** through **6**, the Clerk of Court shall prepare for **SINGH**, **RODOS**, **SANTOS**, **WEXFORD**, **KREBS**, **KNEBEL**, **JOHN/JANE DOE** (once identified), and **WARDEN OF CENTRALIA** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Service shall not be made on Defendants **JOHN/JANE DOE** until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: August 2, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**