IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY SMITH, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 3:17-CV-170-NJR-DGW |
| HARGURMUKH SINGH, J. J. RODOS, WEXFORD HEALTH SOURCES, INC., VENERIO SANTOS, LISA KREBS, JESSICA KNEBEL, JOHN/JANE DOE, AND WARDEN OF CENTRALIA CORRECTIONAL CENTER, | ) |
|       Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 86) on the question of whether Plaintiff Troy Smith exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). Magistrate Judge Wilkerson recommends denying the motion for summary judgment filed by Defendants Knebel, Santos, Singh, and Wexford Health Sources, Inc. (Doc. 57), as well as the motion for summary judgment filed by Defendants Krebs and Warden of Centralia Correctional Center (Doc. 64). No objections to the Report and Recommendation were filed.

Smith filed this civil rights action under 42 U.S.C. § 1983 alleging Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment (Doc. 15). Specifically, Smith claims Defendants continued to prescribe and

administer high levels of lithium, which led him to experience lithium toxicity. Smith, who has been diagnosed with schizoaffective disorder with psychotic features, was admitted to St. Mary's Hospital on December 3, 2015. For at least two months after his release from the hospital, Smith would experience periods of lucidity followed by confusion and abnormal behavior, thought processes, and judgment. Through an affidavit, Smith attested that during the time period after his hospitalization, his mental condition and prescription medications hindered his ability to understand that Defendants may have treated him inappropriately. It is undisputed that Smith did not file a grievance related to the conduct at issue until after he filed this lawsuit.

In January 2018, Defendants filed the pending motions for summary judgment, arguing Smith did not exhaust his administrative remedies before filing this lawsuit against them (Docs. 57, 64). On May 22, 2018, Magistrate Judge Wilkerson held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (Doc. 83). After considering the evidence in the record as well as the testimony at the *Pavey* hearing, Magistrate Judge Wilkerson concluded that the administrative process was unavailable to Smith due to his mental health issues.

Because no party has filed an objection, the undersigned need not undertake *de novo* review. 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While *de novo* review is not required here, the Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court agrees with his findings, analysis, and conclusions. Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 86) and **DENIES** the Motion for Summary Judgment filed by Defendants Knebel, Santos, Singh, and Wexford Health Sources, Inc. (Doc. 57) and the Motion for Summary Judgment filed by Defendants Krebs and Warden of Centralia Correctional Center (Doc. 64).

**IT IS SO ORDERED.**

**DATED:** August 21, 2018

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**